UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DERRICK GILLIAM,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     No. 3:18-cv-1740 (SRU) |
| | : |
| WARDEN BLACK, et al.,<br>    Defendants. | :<br>: |

**RULING ON PENDING MOTIONS**

The plaintiff, Derrick Gilliam ("Gilliam"), is incarcerated at Hazelton United States Penitentiary in Bruceton Mills, West Virginia. *See* Find an Inmate, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Oct. 22, 2020). Pending before me are Gilliam's motions (1) to add a new defendant, doc. no. 57, (2) for reconsideration of a prior order, doc. no. 56, and (3) seeking service of his amended complaints, doc. nos. 55 and 58. For the reasons set forth below, I **deny** Gilliam's motions to add a new party and for reconsideration, and I **grant in part and deny in part** Gilliam's motions for service of his amended complaints. I also allow Gilliam's counsel leave to file a further amended complaint.

**I.      Background**

On October 22, 2018, Gilliam filed this civil rights action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. *See* Compl., Doc. No. 1. In his initial complaint, Gilliam alleged that ten employees of the Connecticut Department of Correction (the "DOC"), the University of Connecticut Health Center ("UCONN"), the Connecticut State Police Department, and the City of Bridgeport violated his civil rights. *See id.* On January 14, 2019, Gilliam filed an amended civil rights complaint naming the DOC, over twenty DOC employees, UCONN, the Connecticut

State Police Department, and a State Trooper as defendants. *See* Am. Compl., Doc. No. 8.[1] Gilliam alleged that the defendants violated his rights under the First, Fourth, Sixth, Eighth, and Fourteenth Amendments during his confinement as a pre-trial detainee at Bridgeport Correctional Center from September 2, 2016 to October 26, 2016.

On August 7, 2019, I dismissed the amended complaint in part. *See* Initial Review Order ("IRO"), Doc. No. 11. More specifically, I dismissed all claims seeking monetary damages for violations of Gilliam's federal rights by the defendants in their official capacities; the claims asserted under the Prison Rape Elimination Act; all claims asserted under section 1983 against the Connecticut State Police Department, the DOC, and UCONN; all claims asserted under section 1983 against Trooper Costella, Commissioner Semple, and defendant "Officers John Does 1-10 and more Jane Does" in their individual capacities; and the Fourteenth Amendment grievance procedures claim, the Sixth Amendment claim, and the Eighth Amendment claim asserted under section 1983 against the remaining defendants in their individual capacities. *See* IRO, Doc. No. 11, at 10, 35.

On the other hand, I permitted numerous claims to proceed. In particular, I permitted the following claims asserted under section 1983 against the defendants in their individual capacities to proceed: The Fourth Amendment strip search claim against Officer Rivera, Officer Doe (who assisted in the strip search), Officer Doe (video operator), and Lieutenant Hernandez; the Fourteenth Amendment excessive force claim against Officer Neave, Officer Finnucan, Officer Smudin, Officer Gargano, Officer Rivera, Officer Doe (who assisted in the strip search),

---

[1] The first amended complaint included the following DOC defendants: Commissioner Semple, Warden Black, Lieutenants Hernandez, Bishop and Allen, Correctional Officers Rivera, Neave, McCarthy, Smudin, Finnucan, Gargano, and "John Does 1-10 and more Jane Does," and Nurses Anne Marie and Jane Doe. *See* Am. Compl., Doc. No. 8, at 1.

Lieutenant Hernandez, and Officer Doe (video operator); the Fourteenth Amendment sexual assault claim against Officer Rivera, Officer Doe (who assisted in the strip search), Lieutenant Hernandez, and Officer Doe (video operator); the Fourteenth Amendment excessive force and sexual abuse claim against Warden Black and Lieutenants Allen and Bishop as supervisors of Officers Rivera and Doe (who assisted in the strip search); the Fourteenth Amendment deliberate indifference to medical needs claim against Nurses Anne Marie and Jane Doe, Disciplinary Unit Officer Doe, and Lieutenant Hernandez; and the First Amendment retaliation claim against Officers McCarthy, John Doe #3, and Neave. *Id.* at 20, 35–36. I also permitted claims pursuant to 42 U.S.C. §§ 1985(3) and 1986 to proceed against Officers Finnucan, Smudin, and Gargano. *Id.* at 36.

I informed Gilliam that the Clerk could not serve the complaint on Nurse Jane Doe, Disciplinary Unit Officer Doe, Officer Doe (video operator), Officer Doe (who assisted in the strip search), or Officer John Doe #3 because Gilliam had not provided the first and last names of any of those Doe defendants. *Id.* I permitted Gilliam ninety (90) days to conduct discovery and to file a notice identifying each of those five Doe defendants by his or her first and last name. *Id.*

On September 6, 2019, Gilliam filed a second amended complaint that included twenty-two defendants.[2] *See* Am. Compl., Doc. No. 14. One of those defendants is "John Doe

---

[2] The second amended complaint lists only twenty-one defendants in the caption: Warden Black; Deputy Warden Jones; Lieutenants Hernandez, Bishop, Allen, and Gardino; Correctional Officers Rivera, Neave, McCarthy, Smudin, Gargano, Ramos, Lopez, Doe (video operator), Doe #2 (who assisted in the strip search), and Doe #3 (who retaliated against Gilliam); Nurses Anne Marie and Jane Doe; Counselor Ferreiar; Psychologist Crystal; and the State of Connecticut. *See* Am. Compl., Doc. No. 14, at 1. Gilliam does not list Correctional Officer Finnucan in the caption or the description of parties. *Id.* at 1–6. In the body of the second amended complaint, though, Gilliam reasserts his claims that on September 19, 2016, Officer Finnucan used excessive force against him in violation of his Fourteenth Amendment rights and conspired with Officers Gargano and Smudin to use excessive force against him in violation of 42 U.S.C. §§ 1985 and 1986. *See id.* at 8 (¶¶ 4–5). I construe Gilliam's second amended complaint liberally as naming Officer Finnucan as a defendant.

3

Disciplinary Unit Officer," who was a defendant in Gilliam's first amended complaint. Gilliam has since identified that defendant as Officer Ramos. *Id.* at 1–3, 14 (¶ 18). Gilliam's second amended complaint also added six new defendants: Lieutenant Gardino, Correctional Officer Lopez, Counselor Ferreiar, Psychologist Crystal, Deputy Warden Jones, and the State of Connecticut. *Id.* at 1. On February 14, 2020, Gilliam filed a motion identifying three of the four remaining Doe defendants listed in the first amended complaint. *See* Mot., Doc. No. 39.[3] I granted that motion on April 10, 2020. *See* Order, Doc. No. 53. Gilliam identifies Nurse Britton as "Nurse Jane Doe," Officer Miller as "Officer Doe (video operator)," and Officer Martins as "Officer Doe (who assisted in the strip search)."

On November 23, 2019, the defendants named in Gilliam's first amended complaint (as narrowed by my initial review order) answered Gilliam's first amended complaint. *See* Answer, Doc. No. 31. The parties are currently engaged in discovery, which is set to close by January 29, 2021. *See* Consent Mot., Doc. No. 64; Order, Doc. No. 65. On July 15, 2020, I appointed pro bono counsel to represent Gilliam moving forward in this litigation. *See* Order, Doc. No. 61.

## II.     Pending Motions

### A.  Motion to Add Defendant (Doc. No. 57)

On April 17, 2020, Gilliam filed a motion seeking leave to add Correctional Officer Desena as a defendant in this case. Gilliam states that Officer Desena was involved in the strip search performed on him on October 6, 2016 at Bridgeport Correctional Center. I have already

---

[3] The final "Doe" defendant named in Gilliam's first amended complaint against whom I held that Gilliam's claims could proceed is "John Doe #3." I noted on March 2, 2020 that, if Gilliam failed to identify John Doe #3 within 90 days, I may dismiss that party from this case. *See* Order, Doc. No. 48. Now it is October 2020, and Gilliam still has not identified "John Doe #3." Thus, the Clerk is directed to terminate "John Doe #3" from this case.

4

denied Gilliam's similar attempt to add a defendant to this case, *see* Order, doc. no. 54, and I will deny this attempt for the same reasons.

Gilliam's proposed claim against Officer Desena would be barred by the three-year statute of limitations applicable to section 1983 actions. *See Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994) (noting that, in Connecticut, the statute of limitations applicable to section 1983 actions is Conn. Gen. Stat. § 52–577); *see also* Conn. Gen. Stat. § 52-577 ("No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."). Gilliam seeks to add Officer Desena based on Officer Desena's actions on October 6, 2016, which is over three years ago. Thus, to permit Gilliam to add Officer Desena as a defendant would be futile. *See Patane v. Clark,* 508 F.3d 106, 113 n.6 (2d Cir. 2007) ("A district court may properly deny a motion to amend when it finds that amendment would be futile.") (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

Furthermore, Gilliam does not mention Officer Desena (or an Officer Doe who might be Officer Desena) in his original complaint or his first amended complaint.[4] Thus, the allegation against Officer Desena fails to meet the requirements of the relation back doctrine, as set forth in Fed. R. Civ. P. 15(c),[5] and so Gilliam's present allegation against Officer Desena does not relate

---

[4] In his first amended complaint, Gilliam noted that a John Doe Officer was involved in his strip search on October 6, 2016, but that John Doe Officer was recently identified as Officer Martins. *See* Mot., Doc. No. 39.

[5] Rule 15(c) provides in pertinent part:

    **(1) *When an Amendment Relates Back.*** An amendment to a pleading relates back to the date of the original pleading when:

        **(A)** the law that provides the applicable statute of limitations allows relation back;

        **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

        **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

            **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and

            **(ii)** knew or should have known that the action would have been brought against it, but

back to his allegations regarding the October 6, 2016 strip search. *See*, *e.g.*, *Hogan v. Fischer,* 738 F.3d 509, 517 (2d Cir. 2013) ("This Circuit has interpreted [Rule 15(c)(1)(C)] to preclude relation back for amended complaints that add new defendants, where the newly added defendants were not named originally because the plaintiff did not know their identities."); *see also Barrow v. Wethersfield Police Dep't,* 66 F.3d 466, 470 (2d Cir. 1995); *Pikos v. Liberty Maint., Inc.*, 2015 WL 6830670, at *3 (E.D.N.Y. Nov. 6, 2015) ("Courts in this Circuit have held relation back is only permitted where plaintiff named the wrong party in the original complaint, and not where plaintiff named one but not all of the right defendants."); *In re Vitamin C Antitrust Litig.,* 995 F. Supp. 2d 125, 130 (E.D.N.Y. 2014) ("In the Second Circuit . . . lack of knowledge [of an entity's participation in the complained-of conduct] does not constitute a 'mistake' for relation back purposes.") (citing *Barrow*, 66 F.3d at 470). In sum: The applicable three-year statute of limitations bars the proposed addition of Officer Desena as a defendant and the claim against him. In addition, the relation back doctrine does not apply. I deny Gilliam's motion to add Officer Desena as a defendant in this case.

      B.  <u>Motion for Reconsideration</u> (Doc. No. 56)

On January 13, 2020, Gilliam filed a motion seeking an order directing the defendants to answer his second amended complaint. *See* Mot., Doc. No. 35. On March 2, 2020, I denied Gilliam's motion because the defendants "filed an answer to the first amended complaint on November 23, 2019." Order, Doc. No. 44. Gilliam requests that I reconsider my order. *See* Mot. for Reconsideration, Doc. No. 56. I **deny** that motion.

---

for a mistake concerning the proper party's identity.

First, the motion is untimely. Motions for reconsideration "shall be filed and served within seven (7) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the Court overlooked." D. Conn. L. Civ. R. 7(c)1. Gilliam's motion for reconsideration, filed on April 14, 2020, was about 30 days too late.

Further, the standard for granting a motion for reconsideration is quite strict. "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (cleaned up). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)) (cleaned up). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Id.* (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)) (cleaned up). In his motion for reconsideration, Gilliam makes no showing: He merely asks me to reconsider my ruling. *See* Mot. for Reconsideration, Doc. No. 56. Thus, I deny Gilliam's motion for reconsideration, doc. no. 56.

C. Motions for Service (Doc. Nos. 55, 58)

Gilliam requests that I order the U.S. Marshals to serve the second amended complaint on the new defendants who are named in the second amended complaint and on the four Doe defendants whom he has identified by name. I **grant in part and deny in part** Gilliam's

7

motions for service. Insofar as Gilliam requests service of the *first* amended complaint on the four Doe defendants whom he has identified—Officer Ramos, CHN Nurse Britton, Officer Miller, and Officer Martins—Gilliam's request is **granted**. Thus, within twenty-one (21) days of this Order, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work address for Officer Ramos, CHN Nurse Britton, Officer Miller, and Officer Martins and mail a copy of the first amended complaint (doc. no. 8), this order, and a waiver of service of process request packet to each defendant in his or her individual capacity at his or her current work address. On the thirty-fifth (35th) day after mailing, the Clerk shall report to the court on the status of the requests. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Fed. R. Civ. P. 4(d).

However, to the extent that Gilliam's motion requests service of the *second* amended complaint on the six new defendants, I **deny without prejudice** that request. As explained below, that complaint is *not* the operative complaint in this action.

### III.    Second Amended Complaint (Doc. No. 14)

Gilliam filed his original complaint on October 22, 2018. *See* Compl., Doc. No. 1. On January 4, 2019, Gilliam filed his first amended complaint. *See* Am. Compl., Doc. No. 8. Before filing a second amended complaint, a party must either obtain "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* In my Initial Review Order, I did not grant Gilliam leave to file a second amended complaint. *See* IRO, Doc. No. 11, at 35–37. And Gilliam did not seek my permission before filing a second amended complaint. (Nor did Gilliam obtain the opposing

party's written consent.)  Gilliam's second amended complaint seeks to add six new defendants to this case and reasserts claims that I have previously dismissed.  *See* Am. Compl., Doc. No. 14.  In other words, Gilliam's proposed second amended complaint looks to be barred, at least in part, based on my initial review order.  I construe Gilliam's second amended complaint as a motion for leave to file a second amended complaint, and I **deny that motion without prejudice**.  Now, Gilliam has appointed counsel.  *See* Order, Doc. No. 61.  I will allow Gilliam's counsel thirty (30) days to make a motion for leave to file a third amended complaint or to file a third amended complaint with the consent of defense counsel.  Any third amended complaint should comply with my initial review order.

      So ordered.

Dated at Bridgeport, Connecticut, this 22d day of October 2020.

                                            /s/ STEFAN R. UNDERHILL
                                            Stefan R. Underhill
                                            United States District Judge